

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-5546
Re: May the certificate
payable only out of
surplus, in the form
proposed be legally
issued and sold by the
Union Reserve Life In-
surance Company, incor-
porated under Chapter 3,
Title 78 of the Revised
Civil Statutes as amend-
ed?

Your letter of August 19, 1943, requesting the
opinion of this department on the above stated question is
as follows:

"In my letter of August 14, I forwarded
to you a copy of correspondence between Honor-
able Weaver Moore and the writer with reference
to a proposed form of certificate to be sold by
Union Reserve Life Insurance Company payable from
its surplus. Additional copies including the sur-
plus certificate are enclosed for your ready re-
ference. Mr. Moore has requested me to refer
the matter to you. Copy of the request and copy
of the articles of incorporation of the insurance
company are enclosed.

"Will you please advise me whether the
certificate payable only out of surplus, in the
form proposed, may be legally issued and sold by
Union Reserve Life Insurance Company, incorpora-
ted under Chapter 3, Title 78 of the Revised
Civil Statutes as amended?"

The proposed certificate under consideration reads as follows:

"THIS CERTIFIES that John Doe, the holder hereof, has paid into the surplus of UNION RESERVE LIFE INSURANCE COMPANY, hereinafter called 'Company,' the sum of _____Dollars ($ ), and the Company agrees to pay interest thereon at the rate of five per cent (5%) per annum in the manner hereinafter set forth. Interest is payable on the first days of January and July of each year. The principal is payable on the ____ day of _____, 19____. Failure to pay any installment when due shall, at the option of the owner or holder hereof, mature the principal, together with all interest then due.

"As to the Company, this Certificate is payable only out of the surplus of the Company and no other assets of the Company shall ever be liable therefor.

"For value received, the payment of all principal and interest in the amounts and at the times stated above is hereby guaranteed unconditionally by Charles A. McCormick of Austin, Texas.

"In case of the liquidation of the Company, and as between the stockholders and certificate holders, the rights of the Certificate Holders shall be in all things superior to the rights of the Stockholders of the Company.

"This is one of a number of certificates, totaling in principal _____ all due as to principal and interest at the same time as is this Certificate.

"The issuance of this Certificate has been authorized and directed by the unanimous vote of all the stock of the Company, and by the unanimous vote of the Directors of the Company.

Honorable O. P. Lockhart, page 3

> "IN WITNESS WHEREOF, The Union Reserve
> Life Insurance Company has caused this Certifi-
> cate to be signed by its duly authorized of-
> ficers and its corporate seal to be hereunto
> affixed this _____ day of _____, 19__.
>
> "Charles A. McCormick of Austin, Texas,
> hereby affixes his signature hereto as uncondi-
> tional guarantor of the payment of this Certi-
> ficate, according to its tenor and effect."

We think that the surplus certificate proposed by the Union Reserve Life Insurance Company can be distinguished from the certificate of the Century Life Insurance Company which was disapproved in our Opinion No. O-1814.

It is conceded in our Opinion No. O-1814 that the right to borrow money is inherent in a corporation, subject, however, to the limitations which may be placed upon it the laws of the government to which it is responsible. By issuing and selling the above mentioned certificate the Union Reserve Life Insurance Company seeks to exercise its prerogative as a corporation to borrow money, but seeks to contract with those from whom it may borrow money, that such money will be paid back at a particular time, and bear a particular rate of interest, but that it will be paid back only from a special fund.

It is stated by Couch on Insurance in Volume 1, page 585:

> "* * * among the corporate powers enjoyed
> by a corporation formed to carry on insurance
> business may be mentioned the right to acquire
> and hold such real estate as is necessary and
> proper for future use in carrying on its business,
> to borrow money to pay losses, or to protect its
> assets. * * *" (To the same effect see Am. Jur.,
> Vol. 29, p. 84)

The attorney for the Union Reserve Life Insurance Company informs us by various letters written to us in connec-

tion with the question under consideration that the proposed certificates are not to be sold to the public generally but are to be sold to a very limited number of persons, and that the proposed certificates are not to be marketed in such a way as to come within the terms of the Securities Act. In connection with the foregoing statement it is to be understood that we express no opinion whether such proposed certificates are securities within the meaning of the Securities Act. This is a matter to be determined by the Secretary of State.

It is conceded also in the correspondence of the attorney above mentioned that "it is not contemplated any officer or director of the Company will purchase any of the proposed certificates."

In answer to the above stated question you are respectfully advised that there is no statute prohibiting an insurance company such as the Union Reserve Life Insurance Company from borrowing money in the manner proposed by said company by the issuance of said proposed certificates which are mere evidence of the money borrowed by said Company.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:EP

APPROVED OCT 9, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS